IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| KEVIN BRENT PARIAG, | * | |
|---|---|---|
| v. | * | Civil No. RDB-09-0404 |
| UNITED STATES OF AMERICA | * | |

* * * * * * * * * * * *

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| v. | * | Criminal No. RDB-05-0374 |
| KEVIN BRENT PARIAG | * | |

* * * * * * * * * * * *

## **MEMORANDUM OPINION**

This Memorandum Opinion addresses two motions filed by Defendant Kevin Brent Pariag: (1) a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582 (Paper No. 17), and (2) a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Paper No. 26). No hearing is necessary to decide this matter. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, this Court will, by separate Order, DENY both motions.

## **BACKGROUND**

Pariag asserts in his Motion for Retroactive Application of Sentencing Guidelines that because the United States Sentencing Commission has lowered the sentencing ranges for crack cocaine offenses, through Amendment 706 to the United States Sentencing Guidelines, he is eligible for a reduction in his 188-month sentence following a plea of guilty for possession with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846.

Pariag's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 challenges his February 10, 2006, sentence of 188 months for the 21 U.S.C. § 846 violation. In his motion, Pariag asserts three grounds on which his sentence should be vacated: (1) ineffective assistance of counsel regarding counsel's failure "to raise fourth amendment issue to obtain suppression hearing"; (2) denial of procedural due process in that "no notice of which prior conviction were being used to enhance my sentence"; and (3) ineffective assistance of counsel in that Pariag was appointed the same counsel he had at trial to handle his appeal.

On August 9, 2005, Pariag was charged in a five-count indictment with distribution of cocaine (Counts One and Two), possession with the intent to distribute cocaine (Count Three), possession with the intent to distribute five grams or more of cocaine base (Count Four), and being a felon in possession of ammunition (Count Five). The indictment was the result of an investigation by the Drug Enforcement Agency in which a confidential source had twice purchased powder cocaine from Pariag. The confidential source then contacted Pariag and arranged to meet him at a location in Glen Burnie, Maryland, to purchase cocaine for a third time. Before the scheduled meeting, Pariag arrived at a residence at 301 Sunshine Place in Baltimore, Maryland, where the DEA had established surveillance. Pariag was in the home for a short time. After he left, he was stopped by law enforcement agents and found to be in possession of cocaine. Agents then executed a search and seizure warrant at 301 Sunshine Place and found additional powder cocaine and 48.9 grams of cocaine base.

On October 27, 2005, Pariag pled guilty to Count Four of the indictment. On February 10, 2006, Pariag was sentenced to a term of 188 months imprisonment. This sentence falls at the low end of the U.S. Sentencing Guidelines range of 188 to 235 months. The United States Court of Appeals for the Fourth Circuit affirmed this sentence on July 10, 2007, rejecting Pariag's

contention that the sentence was unreasonable and that he should have been granted a downward departure because of his status as a deportable alien. On April 17, 2008, Pariag filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582. (Paper No. 17.) On February 19, 2009, Pariag filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Paper No. 26.) The government filed a response on April 24, 2009. (Paper No. 28.)

## DISCUSSION

### I. THE MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES IS DENIED.

Pariag seeks a reduction of his sentence based on Amendment 706 of the U.S. Sentencing Guidelines, which became effective November 1, 2007. Amendment 706 lowers by two offense levels the sentencing ranges for crack cocaine offenses in U.S.S.G. § 2D1.1. Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." However, such a reduction is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of another guidelines or statutory provision." U.S.S.G. § 1B1.10 comment (n.1(A)(ii)).

Pariag pled guilty to a crack cocaine offense. However, because he is a career offender, he was sentenced under U.S.S.G. § 4B1.1, the Career Offender section. Amendment 706 does not address or make changes to § 4B1.1. Pariag asserts that he nonetheless merits a reduction because an expansive reading of the "based on" phrasing of § 3582(c)(2) requires this Court to consider the amended crack cocaine guidelines even when sentencing a career offender. This precise issue was addressed by this Court in *United States v. Plater*, 2008 U.S. Dist. LEXIS 48191, No. 97-408 (D. Md. June 24, 2008) (Messitte, *J.*). In that case, this Court rejected the motion of the defendant, a career offender convicted of a crack cocaine offense, for a sentence

reduction under 18 U.S.C. § 3582(c)(2), reasoning that the defendant had been correctly sentenced under the career offender guideline, § 4B1.1, not under the drug quantity guideline, § 2D1.1. With *Plater* on appeal to the United States Court of Appeals for the Fourth Circuit, Pariag requested this Court stay proceedings in his case. (Paper No. 22.)

On April 22, 2009, the Fourth Circuit affirmed this Court's order denying Plater's § 3582(c)(2) motion. *United States v. Plater*, 322 Fed. Appx. 353, 2009 U.S. App. LEXIS 8519 (4th Cir. April 22, 2009) (per curiam). The Fourth Circuit has held that while the "base offense level corresponding to the determined drug quantity would be lower as a result of Amendment 706, the amendment is ultimately of no consequence because calculation of [defendant's] base offense level was driven by the career offender designation." *United States v. Bronson*, 267 Fed. Appx. 272, 2008 U.S. App. LEXIS 4201, at *3 (4th Cir. Feb. 27, 2008); *see also United States v. Gray*, 271 Fed. Appx. 304, 2008 U.S. App. LEXIS 7021, at *2 (4th Cir. April 2, 2008).

In the present case, Pariag was sentenced under the career offender provision, U.S.S.G. § 4B1.1. He was properly designated a career offender because he was at least 18 years old at the time of the commission of the offense, the offense of conviction involved a controlled substance, and his criminal record included at least two prior felonies that were controlled substance offenses. For those designated as career offenders under § 4B1.1, the Guidelines mandates a criminal history category of VI, the highest possible category. To determine Pariag's offense level, this Court followed the directive of § 4B1.1, which states that when the statutory maximum for the offense is twenty-five years or more, the base offense level shall be 34. Pariag pled guilty to a violation of 21 U.S.C. § 846, which carries a statutory maximum of life imprisonment. As such, Pariag's base offense level was 34. This Court applied a three-level reduction for acceptance of responsibility, resulting in a final offense level of 31. With that

offense level and a Category VI criminal history, the Guidelines range was properly calculated to be 188 to 235 months.

Pariag's Guidelines range, therefore, was determined based on U.S.S.G. § 4B1.1. Amendment 706 only affects Guidelines ranges determined by § 2D1.1; it has no effect on career offenders, such as Pariag, sentenced under § 4B1.1. Accordingly, Pariag's Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582 is denied.

## II. THE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE IS DENIED.

In considering Pariag's motion to vacate under 28 U.S.C. § 2255, this Court holds that (A) Pariag's counsel was not ineffective for not seeking to suppress evidence obtained in lawful searches; (B) Pariag was not denied his procedural due process in the application of the career offender provision of the U.S. Sentencing Guidelines; and (C) Pariag has not shown ineffective assistance of counsel by the mere fact that he had the same counsel on appeal as he had at trial.

A. <u>Claim of Ineffective Counsel Regarding Suppression Issues</u>

Pariag's motion claims ineffective assistance of counsel for a "refus[al] to raise fourth amendment issue to obtain suppression hearing." The motion does not state which evidence Pariag believes was improperly obtained and should have been suppressed. Since there were two searches conducted in the instant case, this Court will examine them both. First, Pariag was searched when he was arrested after leaving 301 Sunshine Place. Second, the residence at 301 Sunshine Place was searched. This Court finds both searches to be lawful.

It is well-established that a search of a person incident to arrest does not violate the Fourth Amendment protection against unreasonable searches and seizures. *See Chimel v. California*, 395 U.S. 752, 762-63 (1969) (stating that when an arrest is made, it is "reasonable for the arresting officer to search the person arrested" to remove any weapons and to "search for and

5

seize any evidence on the arrestee's person in order to prevent its concealment or destruction"). In the instant case, an incident-to-arrest search of Pariag's person found him in possession of cocaine. Law enforcement officers did not search the home at 301 Sunshine Place until after they obtained a search and seizure warrant. Once in the home, officers found additional powder cocaine and 48.9 grams of cocaine base. Pariag has not alleged that warrant was deficient.

To succeed on an ineffective counsel claim regarding a failure to litigate Fourth Amendment issues, a defendant must show his or her Fourth Amendment claims have merit. In *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986), the United States Supreme Court held, "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious." Pariag has made no such showing, and this Court, in examining the searches, has found them to be lawful. Therefore, counsel made a reasonable decision to not challenge the searches.

Further, Pariag agreed to the Stipulation of Facts when he signed the plea agreement on October 17, 2005, which recounted in detail the search of his person and the search of the home. By pleading guilty, Pariag waived any right to litigate suppression issues. In signing the agreement, Pariag affirmed that he had read the agreement and its stipulations and voluntarily agreed to the terms. For his cooperation, Pariag received a downward adjustment in his offense level. Pariag cannot now attempt to go back on the terms of the plea. Accordingly, his ineffective counsel claim is denied.

B. Denial of Procedural Due Process

Pariag next alleges that he was denied procedural due process because he was not given notice of which prior convictions were being used to enhance his sentence. This claim is

contradicted by the pre-sentence report, which recounts in detail Pariag's prior convictions, and by the transcript of the sentencing hearing, which shows that this Court reviewed with Pariag the specific prior convictions that were being used to establish him as a career offender.

The pre-sentence report details three prior convictions: (1) on March 8, 1993, Pariag was found guilty and sentenced to two years incarceration for a handgun violation; (2) on April 26, 1996, Pariag was found guilty and sentenced to one year and five months incarceration for possession with intent to manufacture and distribute a controlled dangerous substance (cocaine); and (3) on December 12, 1996, Pariag was found guilty and sentenced to five years incarceration for a handgun violation and assault with intent to murder. The pre-sentence report clearly states that because of these convictions Pariag is a career offender pursuant to U.S.S.G. § 4B1.1.

At his sentencing hearing, Pariag affirmed to this Court that he had reviewed the pre-sentence report with his attorney and had sufficient time to note any corrections or objections. (Paper No. 28, Exhibit 3, at 17.) None were noted. This Court proceeded to inform Pariag that he is a career offender and to recount with specificity the date and circumstances of his prior convictions. *Id.* at 23-25. This Court explained to Pariag how it arrived at his offense level of 31 and criminal history category of VI. *Id.* at 24-26. Because Paraig is a career offender and the instant offense carries a statutory maximum of 40 years, his base offense level is 34. Pariag then received a reduction of 3 levels for acceptance of responsibility. His criminal history category is VI because he is a career offender. With a total offense level of 31, in criminal history category VI, the Guidelines recommend a sentence of 188 to 235 months.

In all, this Court explained multiple times, both orally and in writing, that Pariag's prior convictions were used to classify him as a career offender. Accordingly, Pariag's procedural due process claim is denied.

C.  Ineffective Counsel on Appeal

Finally, Pariag claims ineffective assistance of counsel because he was appointed the same counsel he had at trial to handle his appeal.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining if a counsel's performance was deficient: (1) the defendant must show that counsel's representation "fell below an objective standard of reasonableness" and (2) the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 688, 694.  Both prongs of the test must be satisfied.  *Id*. at 687.  Further, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.

Pariag has failed to satisfy either prong of the *Strickland* test.  There is no showing that counsel's representation was deficient in any manner, nor is there a showing that but for counsel's allegedly inadequate performance a different result would have obtained.  Indeed, defense counsel negotiated a plea deal that was years less than what it could have been had the government taken available steps that would have increased the sentence.  In his sentencing memorandum and at sentencing, defense counsel vigorously argued for a sentence of 108 months — well below the Guidelines range — based on 18 U.S.C. § 3553(a) factors, including the defendant's history and personal characteristics.  After considering those arguments, this Court imposed a sentence of 188 months, which was the lowest sentence possible under the Guidelines.  Indeed, this Court noted to the defendant at sentencing, "[I]t could have been much worse, sir.  Your period of incarceration could have been much worse and as aptly noted, you could have been facing a range of some 20 to 21 years."  (Paper No. 28, Exhibit 3, at 68-69.)

The fact that Pariag had the same counsel on appeal as he had at trial, standing alone, is not sufficient to support a claim for ineffective assistance of counsel. This Court has been unable to find a single case where having the same counsel at trial and on appeal sustained a finding of ineffective counsel, nor has Pariag cited any such cases. Courts confronted with such situations have held that when a defendant has the same attorney on appeal as at trial, the defendant is able to raise an ineffective counsel claim for the first time on post-conviction review. *See, e.g., Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993) (explaining, "We do not usually expect lawyers to raise the issue of their own ineffectiveness at trial on appeal."); *Ciak v. United States*, 59 F.3d 296, 303 (2d Cir. 1995) (same). Because the same attorney represented Pariag at trial and on appeal, Pariag is permitted to raise the ineffective assistance of counsel issue for the first time in his § 2255 motion. However, that fact on its own does not *prove* ineffective assistance of counsel. As Pariag offers nothing more, his claim of ineffective counsel is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Retroactive Application of Sentencing Guidelines (Paper No. 17) is DENIED. Also, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Paper No. 26) is DENIED. A separate order follows.


Dated: October 14, 2010　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　United States District Judge